United States District Court
District of Connecticut
FILED AT      BRIDGEPORT

September   17   20 15

Roberta D. Tabora, Clerk

By

Deputy Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DOROTHY A. SMULLEY,
                    Plaintiff,

v.

WEBSTER FINANCIAL CORPORATION
dba WEBSTER BANK,
a Delaware corporation;
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION dba CHASE,
a Delaware corporation;
FEDERAL HOUSING FINANCE AGENCY,
dba FHFA,
a United States government agency as
conservator for
FEDERAL NATIONAL MORTGAGE
ASSOCIATION dba Fannie Mae,
a United States government sponsored
enterprise; and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS dba MERS,
a Delaware corporation,
                    Defendants.

CIVIL ACTION 3:15-cv- 1383 (RNC)

VERIFIED COMPLAINT TO,

(1)   QUIET TITLE TO REAL
      PROPERTY AND
      DISCHARGE LIEN;

(2)   DECLARATORY RELIEF;
      AND

(3)   OTHER RELIEF AND
      DAMAGES.

SEPTEMBER 17, 2015

## VERIFIED COMPLAINT

1

## NATURE OF THE ACTION

1.      This is an action seeking to quiet title and discharge lien to Dorothy A Smulley's (plaintiff) principal residence.  Plaintiff resides in a condominium townhouse located in Stratford, Connecticut.  Plaintiff refinanced her home with a mortgage obtained from Webster Bank (Webster) against her real property residence located in Stratford, Connecticut.  Webster recorded its beneficial rights in the mortgage and the mortgage note on the land records.  Soon thereafter, plaintiff received notice from the entity, now known as JPMorgan Chase Bank, National Association (Chase), would be her mortgage servicer.  Unknown to plaintiff at the time but since learned ten years later, Webster purportedly assigned its beneficial rights to Federal National Mortgage Association (Fannie Mae).  Neither Webster nor Fannie Mae recorded the purported assignment on the land records.  Thus, Webster's beneficial rights remain on the land records.

2.      Plaintiff is in a litigation dispute with her condominium association, Oronoque Shores Condominium Association No. 1 Inc. (Oronoque).  The dispute concerns the validity and legality of a fine Oronoque levied against plaintiff in the year 2012.  Oronoque subsequently instituted foreclosure proceedings to collect payment of the disputed fine through the redemption of her equity interest in her principal residence.

3.      When Oronoque filed the foreclosure action in state court, in addition to naming plaintiff as defendant, Oronoque also named Mortgage Electronic Registration System (MERS) as nominee for Webster. Webster failed to disclose, and continues to

fail to disclose, to plaintiff and the state court, its purported assignment of its beneficial rights to Fannie Mae.  Questions now arise regarding the true owner and holder of plaintiff's original mortgage note and/or the purported original executed assignment.

4.      Plaintiff now comes to this court seeking declaratory relief to quiet title and discharge her mortgage note lien.

### THE PARTIES

5.      Plaintiff, Dorothy A Smulley, is an individual who resides at 408 Bar Harbour Road, Stratford, Connecticut, which is her principal residence (real property) since 1984.  Plaintiff's residence is located within Oronoque, a common interest ownership association, and is a member of Oronoque.

6.      Defendant Webster Financial Corporation, dba Webster Bank (Webster), is registered in Delaware as a foreign stock corporation.  Webster operated as a national bank association and is a federally insured depository institution organized under the laws of the United States.  Webster maintains banking locations in Massachusetts, Rhode Island, New York and Connecticut with a place of business at 145 Bank Street, Waterbury, Connecticut.

7.      Defendant JPMorgan Chase Bank, National Association (Chase) is the successor entity to Chase Bank NA.  Chase is registered in Delaware and engaged in the business of consumer lending and servicing, among other business activities.  As a national bank, oversight is provided by the United States Office of the Comptroller of the Treasury.  Chase maintains a primary business address at 1111 Polaris Parkway, Columbus, Ohio.

8.      Defendant Federal Housing Finance Agency (FHFA) is a federal agency located at 400 7th Street SW Washington DC.  FHFA was created on July 30, 2008, pursuant to the Housing and Economic Recovery Act of 2008 (HERA) to oversee Federal National Mortgage Association (Fannie Mae), among other entities.  On September 6, 2008, under HERA, the Director of FHFA placed Fannie Mae, among others, into conservatorship and appointed FHFA as conservator.  In the capacity of conservator, FHFA has the authority to exercise all rights and remedies of the Government Sponsored Entities (GSE) including but not limited to, the authority to defend suits against Fannie Mae.  12 USC § 4617(b)(2).

9.      Defendant Federal National Mortgage Association (Fannie Mae) is a GSE chartered by Congress with a mission to provide liquidity, stability and affordability to the United States housing and mortgage markets.  As part of this mission, Fannie Mae invested in residential mortgage-backed securities .  Fannie Mae is located at 3900 Wisconsin Avenue NW in Washington DC.

10.     Defendant Mortgage Electronic Registration Systems (MERS) is a private, national electronic registry system which tracks changes in servicing rights.  MERS is also a nominee for lenders (beneficial owners) of mortgage loans.  MERS is registered in Delaware and maintains a primary address at 1818 Library Street #300 in Reston, Virginia.

## JURISDICTION AND VENUE

11.     The court has jurisdiction over this action pursuant to 28 USC § 1346 which confers original jurisdiction over claims brought against FHFA in its capacity as conservator of Fannie Mae pursuant to 12 USC § 4617(b)(2).

12.     The court also has supplemental jurisdiction pursuant to 28 USC § 1367 over all other claims which are related to the original jurisdiction and the amount of the controversy exceeds $75,000.

13.     This court may exercise *in rem* and *quasi in rem* jurisdiction in this matter pursuant to 28 USC § 1655 because plaintiff seeks in this suit to remove a cloud on the title of real property located in Stratford, Connecticut.  This court may also exercise *in rem* and *quasi in rem* jurisdiction pursuant to Connecticut General Statutes § 47-31, § 47-32 and § 49-51 because plaintiff claims equity title to, and seeks to quiet the title of, her real property located in Stratford, Connecticut, and to discharge the lien upon defendants' failure to produce original documents which cloud title.

14.     This court has jurisdiction to grant the requested declaratory relief pursuant to 28 USC § 2201(a), 28 USC § 2202, 28 USC § 1655, and Connecticut General Statutes § 47-31, § 47-32 and § 47-51.

15.     Venue is proper in this judicial district pursuant to 28 USC § 1391(c) because plaintiff is a natural person residing in Stratford, Connecticut.  In addition, because the real property which is the subject of this action is located in Stratford, Connecticut, venue is proper under 28 USC § 1391(a)(2)-(b)(2).  Venue is also proper in this district pursuant to 28 USC § 1655.

## BACKGROUND

16.     Plaintiff is, and has been since May, 1984, the owner of record of real property and her principal residence known as 408 Bar Harbour Road, Stratford, Connecticut, more particularly described in Schedule A of the land records a copy of which is attached hereto.

17.     On or around March 25, 2004, plaintiff executed a note to Webster for $140,000 secured by a mortgage on her principal residence of 408 Bar Harbour Road, Stratford, Connecticut.

18.     Webster recorded its beneficial rights in the mortgage and the mortgage note on the land records.

19.     On or around June 8, 2004, plaintiff received notice from the entity now known as JPMorgan Chase Bank, National Association (Chase), Chase would be her mortgage servicer.

20.     Oronoque Shores Condominium Association No. 1 Inc. (Oronoque) is a common interest community association registered in Connecticut as a nonstock domestic corporation located in Stratford, Connecticut, where plaintiff's real property is located.

21.     On April 30, 2012 and for the first time, Oronoque issued a demand invoice to plaintiff for a fine levied in the amount of $9.738.32 alleging Declaration and Bylaw violations which Oronoque retroactively applied back to January 26, 2007.

22.     Plaintiff disputed the validity and legality of the fine which continues to remain under dispute at the present time.

23.     On November 19, 2012, Oronoque filed a foreclosure action [2] in state court against plaintiff to foreclose on her equity interest for her failure to pay the fine under dispute which action remains pending at the present time.

24.     Oronoque also filed a lis pendens on plaintiff's real property.

25.     Oronoque also claimed defendant (MERS) as nominee for Webster may have an interest pursuant to a mortgage dated March 19, 2004, recorded on the land records in the town of Stratford, Connecticut.

26.     Unknown to plaintiff but since learned ten years later, Webster filed an affidavit in state court in an unrelated matter where Webster stated, *"On or about April 7, 2004, Webster Bank transferred its beneficial rights in said note and mortgage to Federal National Mortgage Association (FNMA)."*

27.     Other than a copy of MERS electronic tracking of the assignment of servicing from Webster to Chase and MERS electronic tracking of the purported assignment of beneficial rights from Webster to Fannie Mae, no other documents were produced.

28.     The alleged assignment of the mortgage note from Webster to Fannie Mae was not recorded on the land records in Stratford, Connecticut, at the time the purported assignment occurred nor has any recording been made since.

29.     Upon information and belief, plaintiff's mortgage note was one of many sold or bundled into a mortgage-backed security or another type of security instrument which made its way to securitization by Fannie Mae.

---

[2]  FBT-CV12-6031532, *Oronoque Shores Condominium Assn No. 1 Inc v Smulley, Dorothy, et al.*

30.     On December 16, 2014, plaintiff filed a motion to strike the state foreclosure complaint citing misjoinder of Webster and nonjoinder of Fannie Mae. Conn. Practice Book § 11-3.

31.     Since then, both Oronoque and the state court failed to take any action on plaintiff's motion irrespective of plaintiff's complaints to the court otherwise.

**FHFA is Fannie Mae for all relevant legal purposes.**

32.     Under HERA, FHFA, "*shall, as conservator or receiver, and by operation of law, immediately succeed to (i) all rights, titles, powers, and privileges of the regulated entity,*" and may "*perform all functions of the regulated entity in the name of the regulated entity.*" 12 USC § 4617(b)(2)(A), 4617(b)(2)(B)(iii).

33.     Because FHFA succeeded to Fannie Mae's rights, titles and privileges, FHFA stands in Fannie Mae's shoes and is Fannie Mae for all relevant legal purposes.

**Chase claims beneficial rights.**

34.     Chase is the acknowledged servicer of plaintiff's mortgage note.

35.     Chase, however, claims Chase is the owner and holder of the mortgage note and improperly assessed plaintiff $500 for alleged "*future administrative expenses,*" Chase may incur in the state foreclosure action and did such assessment without notice to plaintiff.

36.     Chase has failed to produce any documentation to support its position of owner and holder of plaintiff's mortgage note.

37.     Plaintiff has been and continues to be current in her payments pursuant to the terms of her mortgage note.

38.     Chase's claims of expenses are improper and unlawful.

**MERS as nominee for Webster claims beneficial rights.**

39.     MERS is a clearinghouse and tracking system whereby mortgages are traded through electronic means.

40.     MERS claims to bypass the need for age-honored and traditional recording formalities through the use of its electronic ownership tracking system.

41.     The MERS electronic ownership tracking system is not public.

42.     Upon information and belief, the MERS electronic ownership tracking system is not reliable, accurate or comprehensive and is not as simple, as easily understood, or as easily accessible as the state real property recording system.

43.     Upon information and belief, MERS has made money in its scheme, with the banking lenders which created MERS, to avoid paying recording fees to the states for securitization and to smooth the securitization process.

44.     In plaintiff's matter, MERS at no time had or has a beneficial right in plaintiff's note but acted solely as nominee for its member, Webster.

45.     MERS risked no money and had no interest in the performance or nonperformance of the obligation tied to plaintiff's note.

46.     MERS, although claiming to be a beneficiary under the note, never had a pecuniary interest in plaintiff's payments applied to her note.

47.     Therefore, MERS was not and is not a valid or legitimate beneficiary under plaintiff's note.

48.     Upon information and belief, MERS did not and does not have a valid agency relationship with any true party in interest.

49.     Upon information and belief, Webster was a member of MERS at the time Webster purportedly bundled plaintiff's note with hundreds of others for ultimate securitization.

50.     Upon information and belief, Chase was a member of MERS and as a servicer of plaintiff's note, MERS maintained electronic tracking for Webster and Chase.

51.     MERS and the other defendants misrepresented or ratified the other defendants' misrepresentations of each entity's claimed legal status in connection with plaintiff's note.

52.     MERS as nominee for Webster lacks standing to claim beneficial rights because Webster, by its own affidavit admission, disavowed beneficial rights.

53.     Therefore, MERS cannot establish it holds an enforceable right against plaintiff's real property.

54.     Defendants do not know who is or are the present holder(s) of the note.

55.     Upon information and belief, neither the defendants nor any other entity or person who had a right to payment from plaintiff or who was or is a lawful beneficiary ever declared a default of the note executed by plaintiff.

56.     Upon information and belief, no currently named defendant is a holder in due course of plaintiff's note.

57.     In fact, no true beneficiary existed after the claimed assignment by Webster because the interest in plaintiff's note, purportedly held by investors in the mortgage-backed securities, was destroyed by the parsing and combining of plaintiff's debt with other borrowers' debts.

## FIRST CLAIM FOR RELIEF - ORDER QUIETING TITLE
## UNDER 28 USC § 1655, CGS § 47-31, CGS § 47-32 28 USC § 2201

*Quasi in rem and in rem*

58.    Plaintiff restates and realleges the allegations set forth in Paragraphs 1 through 57 above as if fully set forth herein.

59.    Plaintiff is the equity owner of 408 Bar Harbour Road, Stratford, Connecticut.

60.    Webster, Chase and MERS have falsely claimed to both plaintiff and third parties, each individually is the owner and holder of title to plaintiff's real property.

61.    Webster, Chase and MERS have publicly asserted title and beneficial interest in plaintiff's real property in order to obtain, in part or whole, plaintiff's equity interest.

62.    Webster has publicly asserted it assigned beneficial interest to FHFA under the name of Fannie Mae.

63.    All defendants have imposed a cloud on plaintiff's mortgage note.

64.    A true, present and justiciable controversy exists among plaintiff and defendants.

65.    Plaintiff is entitled to an order from this court removing the cloud which the defendants placed upon plaintiff's ownership of her real property.

66.    Plaintiff is entitled to a declaratory order from this court citing none of the defendants have a valid claim of beneficial interest in plaintiff's real property absent a clear showing by a preponderance of the evidence, one or more defendants or any other entity is the owner and holder of plaintiff's mortgage note.

## SECOND CLAIM FOR RELIEF - ORDER DISCHARGING LIEN
## UNDER 28 USC § 2202, CGS § 47-32, CGS § 49-51

*Quasi in rem and in rem*

67.     Plaintiff restates and realleges the allegations set forth in Paragraphs 1 through 66 above as if fully set forth herein.

68.     Webster and FHFA failed to record the purported assignment of plaintiff's mortgage note on the land records because plaintiff's original note and/or original assignment is lost or destroyed and does not exist at the present time.

69.     The failures by Webster in its bundling for ultimate securitization and FHFA's failures in its purported subsequent securitization, whether by mistake, accident or intentional error, are the direct causes attributable to the loss or destruction of plaintiff's original note and/or original assignment.

70.     Plaintiff has resided in and is owner of the subject real property continuously uninterrupted since 1984, therefore, plaintiff's interest in and title to her real property is greater than the interest of Webster, Chase, FHFA and MERS.

71.     Pursuant to 28 USC § 2202 and Connecticut General Statutes § 47-32 and § 49-51 along with this court's inherent power to fashion equitable relief and based upon all of the foregoing, plaintiff is entitled to an order from this court discharging the mortgage note lien recorded on the land records.

## THIRD CLAIM FOR RELIEF - INJUNCTIVE RELIEF

*Quasi in rem and in rem*

72.     Plaintiff restates and realleges the allegations set forth in Paragraphs 1 through 71 above as if fully set forth herein.

73.     Pursuant to 28 USC § 2202 and this court's inherent power to fashion equitable relief, and based upon all of the foregoing, plaintiff is entitled to an order from this court permanently enjoining all the defendants from threatening and/or instituting any legal or other actions against plaintiff or any of their agents or representatives from asserting any rights to plaintiff's real property enjoined by this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests the court,

1.      grant plaintiff the quiet title and declaratory judgment to which she is

entitled as alleged herein; and

2.      grant plaintiff the discharge of lien judgment to which she is entitled as

alleged herein; and

3.      grant plaintiff the injunctive relief she is entitled as alleged herein; and

4.      grant such other and further relief as the curt deems just and proper.

PLAINTIFF

Dorothy A Smulley, self-represented
408 Bar Harbour Road
Stratford CT 06614
tel/fax   203 386 0171
email    frrancesca04@gmail.com

14

**SCHEDULE A**

**PROPERTY DESCRIPTION**

All that certain piece or parcel of real property situated in the Town of Stratford, county of Fairfield and State of Connecticut, being a part of a condominium known as Oronoque Shores Condominium No. 1, created under the Unit Ownership Act of the State of Connecticut by a Declaration dated October 25, 1977, and recorded October 25, 1977 at Volume 523, page 1 of the Stratford Land Records, and known and designated as Unit No. 408, Oronoque Shores Condominium No, 1. Stratford, Connecticut, together with an 2.03% undivided interest in the common area and facilities of said condominium, as the same are defined in said Declaration. Said premises are more particularity shown and designated on a survey entitled "Oronoque Shores Condominium No. 1 - Stratford, Conn.", dated October 19, 1977 and filed as Map No, 2069 in the Stratford Town Clerk's Office, certified substantially correct by T. Donald Rowe, R.L.S. and P.E., and  Arthur W. Muller, Jr., R.I..S. and P.E., and on a certain set of floor plans for said condominium on file in the Office of the Stratford Town Clerk under File No. C-40.

Together with all of the benefits, rights and privileges and subject to all of the burdens, restrictions, covenants, by-laws, rules and easements as are more specifically set forth in the Declaration and Bylaws referred to herein and as filed in the Stratford Land Records,

Known as 408 Bar Harbour Road.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOROTHY A. SMULLEY,<br>Plaintiff,<br><br>v.<br><br>WEBSTER FINANCIAL CORPORATION<br>dba WEBSTER BANK,<br>a Delaware corporation;<br>JPMORGAN CHASE BANK, NATIONAL<br>ASSOCIATION dba CHASE,<br>a Delaware corporation;<br>FEDERAL HOUSING FINANCE AGENCY,<br>dba FHFA,<br>a United States government agency as<br>conservator for<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION dba Fannie Mae,<br>a United States government sponsored<br>enterprise; and<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS dba MERS,<br>a Delaware corporation,<br>Defendants. | CIVIL ACTION 3:15-cv-_____<br><br>VERIFIED COMPLAINT TO,<br><br>(1)  QUIET TITLE TO REAL<br>PROPERTY AND<br>DISCHARGE LIEN;<br><br>(2)  DECLARATORY RELIEF;<br>AND<br><br>(3)  OTHER RELIEF AND<br>DAMAGES.<br><br><br>SEPTEMBER 17, 2015 |

### VERIFICATION

I, Dorothy A. Smulley, am plaintiff in the above captioned matter. I have read the foregoing complaint and know the contents thereof. The factual statements therein relating to my claims are true based upon my own knowledge except as to those matters which are alleged on information and belief. As to those matters, I believe them to be true. I swear under penalty of perjury the foregoing is true and correct. Executed this seventeenth day of September, 2015, at Stratford, Connecticut.

1

PLAINTIFF

Dorothy A Smulley, self-represented
408 Bar Harbour Road
Stratford CT 06614
tel/fax   203 386 0171
email    frrancesca04@gmail.com