UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOROTHY SMULLEY ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION |
| ) | NO. 3:15-cv-01383-RNC |
| VS. ) | |
| ) | |
| WEBSTER FINANCIAL CORPORATION, ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| FEDERAL HOUSING FINANCE ) | |
| AGENCY,FEDERAL NATIONAL ) | |
| MORTGAGE ASSOCIATION AND ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS. ) | |
| ) | |
| Defendants ) | NOVEMBER 9, 2015 |

## MOTION FOR PREFILING CONFERENCE

Pursuant to the Court's standing order for civil cases, the Defendants, JPMorgan Chase Bank, N.A, Federal Housing Finance Agency, Federal National Mortgage Association and Mortgage Electronic Registration Systems and Webster Financial Corporation ( collectively referred to as "Defendants"), respectfully request a prefiling conference with respect to a contemplated Motion to Dismiss the Plaintiff's Complaint for failure to state a claim upon which relief may be granted. It is further requested that the conference be conducted by telephone. Plaintiff objects to this request.

In brief, the Defendants believe that the Plaintiff's Complaint fails to state a claim for which relief may be granted in that the Plaintiff appears to seek to quiet title against the interests of Defendants on the basis of a lack of an assignment which does not appear to be legally required. Moreover, the Plaintiff's complaint appears to contain allegations seeking to quiet title as to parties which do not actually claim an interest for

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

which such an action would be appropriate, namely a loan servicer and parties which the land records do not evidence as having any interest. In short, there is nothing on the land records to actually "quiet," nor is the Plaintiff capable of proving that any of the liens, which she admits paying toward, is invalid.

Connecticut General Statute § 47-31 governs a titleholder's right to bring an action to quiet title. § 47-31(a) in pertinent part states

> "An action may be brought by any person claiming title to . . . real or personal property . . against any person who may claim . . . to have any estate in it, either in fee . . . or any lien or encumbrance on it, adverse to the plaintiff, or against any person in whom the land records disclose any interest, lien, claim or title conflicting with the plaintiff's claim, title, or interest . . ."

For the action to be proper, the party bringing the action must be able to prove title or interest in the subject property by a preponderance of evidence. *Remington Investments, Inc. v. National Properties, Inc.* 49 Conn. App. 769 (1988). The plaintiff also has the burden of proving that the claims a defendant has made against land so affected the title as to justify litigation. *Loewenberg v. Wallace*, 147 Conn. 689, 692 (1960). In an action to quiet title, a plaintiff may also add claims for damages and equitable relief that are incidental to the claim. Id. A plaintiff must also "prevail on the strength of its own title and not the weakness of an adversary's." *Lake Garda Improvement Ass'n v. Battistoni*, 155 Conn. 287, 293 (1967) (citing *Pepe v. Aceto*, 119 Conn. 282, 288 (1934)). In the present case, the Plaintiff does not contest that she has absolute unfettered title to the Property, indeed she references paying her mortgage.

Moreover, under Connecticut law, even if the Plaintiff's claims as to the lack of an assignment could be properly credited, Connecticut law is clear that the holder of a mortgage may foreclose even in the absence of an assignment. *See e.g. Fleet National*

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

*Bank v. Nazareth*, 75 Conn. App. 791, A. *Id.* 69 (2003). The Plaintiff's complaint seeks to preemptively alter the state of controlling Connecticut law by preemptively precluding enforcement of the mortgage through a quiet title action and is legally unsustainable as a result.

Further, Webster Financial Corporation would include in the Motion to Dismiss that the claims against Webster Financial Corporation fail to state a claim upon which relief can be granted in that the plaintiff has sued the wrong party and that a number of the allegations appear to be similar to allegations set forth in *Smulley v Mutual of Omaha*, 14- CV- 00997 JAM, which is currently on appeal to the Second Circuit.

Accordingly, the undersigned defendants request the scheduling of a prefiling conference to obtain permission to file a dispositive motion.

> Respectfully submitted,
> DEFENDANT,
> JPMORGAN CHASE BANK, N.A.,
>
> By _/s/ Brian D. Rich_
> Brian D. Rich
> Fed. Bar No. ct 24458
> Halloran and Sage, LLP
> 225 Asylum Street
> Hartford, Connecticut 06103
> Tele: 860-522-6103
> Fax: 860-548-0006
> rich@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANT,
WEBSTER FINANCIAL
CORPORATION

By _____
Thomas J. Welch
Welch, Teodosio, Stanek & Blake, LLC
375 Bridgeport Avenue
Shelton, CT 06484
Tele: 203-925-3000
Fax: 203-925-3003
Email: twelch@wtsblaw.com

## CERTIFICATION

This is to certify that on the 9th day of November, 2015 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Brian D. Rich

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105