UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOROTHY A. SMULLEY | ) |
| Plaintiff | ) CIVIL ACTION |
| | ) NO. 3:15-cv-1383 RNC |
| VS. | ) |
| WEBSTER FINANCIAL CORPORATION | ) |
| DBA WEBSTER BANK, ET AL. | ) |
| | ) NOVEMBER 30, 2015 |
| Defendants | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendants, JPMorgan Chase Bank, N.A., Federal Housing Finance Agency, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants"), hereby submit this Memorandum of Law in support of their Motion to Dismiss the Plaintiff's Complaint dated September 17, 2015. Plaintiff claims in her Complaint that this "is an action seeking to quiet title and discharge lien," though Plaintiff includes a third claim for permanent injunctive relief. *See*, Complaint, ¶¶ 1, 73. However, in addition to failing to allege any facts satisfying the legal standard for such claims, Plaintiff's own allegations admit that she is making mortgage payments pursuant to a valid mortgage lien, and that all Defendants hold an interest in the property that is the subject of the complaint. This fact alone defeats a central requirement of a title quiet title action in that none of the Defendants' claims are "conflicting" with that of the Plaintiff. *See* Conn. Gen. Stat. 47-31(a). For these and the following reasons, each of Plaintiff's claims is

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

legally insufficient as a matter of law and should be dismissed along with the accompanying prayers for relief as to the Defendants.

## I.   PROCEDURAL BACKGROUND

According to Plaintiff's own purported set of facts, she "executed a note to Webster for $140,000 secured by a mortgage on her principal residence," such mortgage then having been recorded on the land records. *See*, Complaint, ¶¶ 17, 18. Subsequently, according to the Plaintiff, JPMorgan Chase Bank, N.A. became her mortgage servicer. *Id.* at ¶ 19. Thereafter, Plaintiff alleges that "Webster filed an affidavit in state court in an unrelated matter where Webster stated, '*On or about April 7, 2004, Webster Bank transferred its beneficial rights in said note and mortgage to Federal National Mortgage Association (FNMA')*" but fails to identify what "unrelated matter" the affidavit was allegedly filed in, or any evidence that the quote pertained to Plaintiff's note and mortgage. *Id.* at ¶ 26, emphasis in original. Plaintiff then complains that an assignment of her "mortgage note" was not recorded on the land records. *Id.* at ¶ 28.

The Complaint continues in stating that Plaintiff's condominium association commenced a foreclosure action against her for unpaid, assessed fines in 2012, in which it named Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for Webster Bank as a defendant to the action as a subsequent lien holder. *See*, Complaint, ¶¶ 23, 25. Plaintiff then claims that "both [her condominium association] and the state court failed to take any action on [her motion to strike the foreclosure complaint citing misjoinder of Webster and nonjoinder of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Fannie Mae] irrespective of plaintiff's complaint to the court otherwise." *Id.* at ¶¶ 30-31. Plaintiff apparently named the Federal Housing Finance Agency solely on the basis that "FHFA stands in Fannie Mae's shoes and is Fannie Mae for all relevant legal purposes." *Id.* at ¶ 33. Furthermore, Plaintiff appears to name JPMorgan Chase Bank, N.A. ("JPMC"), the loan servicer, based upon her allegation that JPMC "claims [it] is the owner and holder of the mortgage note" merely because it allegedly assessed an expense on her account. *Id.* at ¶ 35. Finally, Plaintiff names MERS based upon her claim that it "did not and does not have a valid agency relationship with any true party in interest." *Id.* at ¶ 48. Plaintiff conclusorily alleges "Defendants do not know who is or are the present holder(s) of the note" and that "no currently named defendant is a holder in due course of plaintiff's note." *Id.* at ¶¶ 54, 56. Plaintiff further claims that an alleged securitization of her note/mortgage "destroyed" any beneficial interest. *Id.* at ¶ 57.

Based upon the above allegations, Plaintiff claims "[a]ll defendants have imposed a cloud on plaintiff's mortgage note," requests that the Court issue an order quieting title, discharge the lien, and enter a permanent injunction "enjoining all the defendants from threatening and/or instituting any legal or other actions against plaintiff or any of their agents or representatives from asserting any rights to plaintiff's real property enjoined by this lawsuit." *See*, Complaint, ¶¶ 63, 71, 73.

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGELLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II.    LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Second Circuit has consistently adhered to the United States Supreme Court's seminal "plausibility" standard set forth in *Iqbal*. *See, e.g., Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *Krys v. Pigott*, 749 F.3d 117, 128-29 (2d Cir. 2014). "In addressing the sufficiency of a complaint [the court must] accept as true all factual allegations and draw from them all reasonable inferences; but [the court is] not required to credit conclusory allegations or legal conclusions couched as factual ... allegations." *Nielsen*, 746 F.3d at 62 (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013)).

With respect to pro se litigants, "[w]hile pro se complaints must contain sufficient factual allegations to meet the plausibility standard," the Second Circuit "look[s] for such allegations by affording the litigant 'special solicitude, interpreting the complaint to raise the strongest claims that it suggests.'" *O'Callaghan*, 563 F. App'x at 12 (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) and citing and quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Nonetheless, the court need not engage in "rank speculations" to manufacture a federal claim for pro se plaintiffs, *Ford v. New Britain Trans. Co.*, No. 3:03cv150 (MRK), 2005 WL 1785269, at

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

\*1 (D. Conn. July 26, 2005), *aff'd*, 239 F. App'x 670 (2d Cir. 2007); and thus, a court may dismiss a complaint if it appears beyond doubt that no set of facts could be proven that would establish an entitlement to relief. *Weixel v. Bd. of Educ. of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002).

## III.   LAW AND ARGUMENT

### a. Count One Should Be Dismissed Because It Fails To State A Viable Cause Of Action For Quiet Title.

An action to quiet title is a statutory cause of action under Connecticut law, specifically, Connecticut General Statute § 47-31. In order to bring a quiet title action, a plaintiff must allege title to, or an interest in, any piece of real or personal property, to which the defendant also claims title, or in which the defendant also claims an ownership interest or other estate or right that is adverse to the claimed title or interest of the plaintiff. Conn. Gen. Stat. § 47-31(a); *see also, Loeb v. Al-Mor Corp.*, 615 A.2d 182 (Conn. Super. Ct. 1991), *aff'd*, 615 A.2d 149 (Conn. 1992). The statute permits an action to quiet title to be brought only against persons who claim title to or an interest in the land which are *conflicting* with the claims of the Plaintiff. *Cahill v. Cahill*, 76 Conn. 542, 547 (1904); see also Conn. Gen. Stat. 47-31a *(emphasis added)*. Moreover, an "action to quiet title is one quasi in rem, and it lies against those who, at the time it is instituted, are the present claimants to the land under the instrument which creates the cloud." *Lake Garda Imp. Ass'n v. Battistoni*, 155 Conn. 287, 294 (1967). As detailed herein, Plaintiffs' claims, according to her own allegations, cannot possibly be deemed to be conflicting with those

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

of the Defendants, since Plaintiff not only acknowledges those interests but also admits making mortgage payments pursuant to them.

Here, the instrument which the Plaintiff claims creates the cloud is the mortgage recorded on the land records in favor of MERS as Mortgagee and Nominee for Webster Bank, its successors and assigns. The Plaintiff's Complaint fails to identify any relationship between the Plaintiff and any of the other Defendants, according to the land records in this case, other than to acknowledge that she received notice that JPMorgan Chase Bank, National Association would be her loan servicer, and then alleging, in contradictory fashion, that "Chase has failed to produce any documentation to support its position of owner and holder of plaintiff's mortgage note." *See*, Complaint, ¶¶ 19, 36. There is no allegation that JPMorgan Chase Bank, N.A. claims any legal title to the property, nor is there a claim that any of the other Defendants to this case claim anything but a mortgage interest; an interest to which Plaintiff not only acknowledges her obligation to pay, but admits she is paying. *Id.*, at ¶ 37.

However, while the interest of all Defendants, apart from MERS, may not appear on the face of the public records, that is not to say that the Defendants lack an interest in the lien or the ability to enforce it. In fact, Connecticut law is clear in stating that the servicer of a mortgage loan may foreclose in its own name. *J.E. Robert Co., Inc. v. Signature Properties, LLC*, 309 Conn. 307 (2013). The Connecticut Supreme Court has held that:

> A plaintiff's right to enforce a promissory note may be established under the UCC. Under the UCC, a '"[p]erson entitled to enforce" an instrument means [inter alia] (i) the holder of the instrument, [or] (ii) a nonholder in possession of the instrument who has the rights of a holder ... A person may be a person

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

entitled to enforce the instrument *even though the person is not the owner of the instrument ...* ' General Statutes § 42a-3-301. The UCC's official comment underscores that a 'person entitled to enforce an instrument ... *is not limited to holders. ... A nonholder in possession of an instrument includes a person that acquired rights of a holder ... under* [§ 42a-3-203(a)]'

*Id.* at 319-320. (Internal citations omitted; emphasis in original.) The court continued by finding that:

[A] loan servicer entitled to receive money and otherwise administer a loan under the terms of a pooling and service agreement would not necessarily need to be the owner or the holder of the note in order to institute a foreclosure action against the debtor. Indeed, limiting such actions when such an intent clearly is expressed would inhibit the commercial pooling of mortgages, which is a common financial tool for lending institutions, and would thereby discourage such institutions from underwriting loans in the state.

*Id.* at 326-327.

Furthermore, the Plaintiff admits in her Complaint to executing the subject mortgage, in favor of MERS as Mortgagee and Nominee for Webster Bank, its successors and assigns, and makes no claim that the lien has been satisfied via payment. This fact should alone defeat her claims as to MERS, at very least, but also as to the very successors and assigns referenced within the recorded document.

In fact, the Plaintiff's only claim that the mortgage is anything less than valid is that it was separated from the note in an alleged securitization process. *See*, Complaint, ¶ 57. However, Plaintiff's separation theory is contrary to Connecticut state law. Connecticut General Statute § 49-17 codifies the longstanding common law principle that the "mortgage follows the note" and "permits the holder of a negotiable instrument that is secured by a mortgage to

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

foreclose on the mortgage even when the mortgage has not yet been assigned to him." *Bank of America, N.A. v. Ensign*, No. CV095005940S 2010 WL 4722185, *2, (Conn. Super. Ct., Oct. 28, 2010); *see also, RMS Residential Props., LLC v. Miller*, 303 Conn. 224, 230 (2011). Furthermore, in *Harris v. HSBC Bank USA, Nat'l Ass'n, as Trustee*, the plaintiff alleged that "note and mortgage were securitized, thereby rendering the obligation to be unsecured and unattached to the property." *Harris*, No. HHDCV125035927S 2014 WL 3397924 at *3 (Conn. Super. Ct., June 3, 2014). However, the Superior Court held that "this claim is not legally viable," stating that,

> The securitization of mortgage loans has become increasingly favored by financial lenders. The plaintiff cites no Connecticut authority on point, nor any persuasive, reasoned analysis supporting this broad proposition. Therefore, this court is not required to accept it. See *Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 579, 579, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010) … Accordingly, this claim is not viable.

*Id*. The Connecticut Appellate Court recently affirmed the Superior Court's finding. *Harris v. HSBC Bank, Nat'l Ass'n, as Trustee*, AC 37004, Vol. 76 No. 51 Conn. L.J. 161A (June 16, 2015).

Given the above, and the fact that the Plaintiff herself alleges the Federal Housing Finance Agency/Federal National Mortgage Association is the investor of the loan, see Complaint, ¶¶ 26, 33, she cannot legally maintain an action for quiet title against these entities, as an assignment of mortgage on the land records is not necessary to protect or maintain that interest. Further, JPMorgan Chase Bank, N.A. holds an interest in the loan by virtue of being its servicer and holds an interest and ability to enforce such lien without being the owner or holder

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

of the loan under *J.E. Robert Co., Inc., supra.* Therefore, by Plaintiff's own allegations, she cannot maintain a quiet title action as to any of the Defendants because there is nothing in this case to "quiet" given the Plaintiff's express admissions that she is obligated to make mortgage payments and is current in making those payments, along with unambiguous Connecticut law which, notwithstanding Plaintiff's allegations, demonstrate that the owner of the loan, or even a non-owner in possession, may foreclose even in the absence of an assignment. As such, Plaintiff's cause of action for quiet title should be dismissed as to the Defendants.

### b. Count Two Should Be Dismissed Because It Fails To State A Viable Cause Of Action For Discharge Of A Lien

Connecticut General Statute § 49-51, by title, deals with a discharge of an <u>invalid</u> lien. As discussed above, the Plaintiff has not pled and facts which would substantiate a claim that the subject lien, the mortgage, is invalid. Plaintiff admits in her Complaint to executing the mortgage lien in "[o]n or around March 25, 2004." *See*, Complaint, ¶ 17. Furthermore, Plaintiff does not allege that the lien has been satisfied in any manner. Rather, Plaintiff pled that she "has been and continues to be current in her payments pursuant to the terms of her mortgage note," which further evidences the fact that the mortgage is a <u>valid</u> lien. *Id*. at ¶ 37. As such, without any facts to support a claim that the mortgage lien is invalid, Connecticut General Statute § 49-51 is thereby inapplicable.

Moreover, an action to discharge a lien under the statute has a very specific notice requirement for the Plaintiff. *See*, Conn. Gen. Stat. § 49-51(a). As moving party, the owner of the property against which the lien has been filed has the burden of establishing compliance with

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the statutory notice requirements. *Guilford Yacht Club Ass'n, Inc. v. Northeast Dredging, Inc.*, 468 A. 2d 1235, 192 Conn. 10 (1984). The statute clearly states:

> Any person having an interest in any real or personal property described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien. Upon receipt of such notice, the lienor shall discharge the lien by sending a release sufficient under section 52-380d, by first class mail, postage prepaid, to the person requesting the discharge. If the lien is not discharged within thirty days of the notice, that person may apply to the Superior Court for such a discharge, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request.

Conn. Gen. Stat. § 49-51(a). Plaintiff has not alleged that she complied with the requirement to give written notice to the lienor to discharge the lien. In addition, the statute clearly provides that the proper recourse, after the thirty days has passed, is to apply to the Connecticut Superior Court to adjudicate the validity of the lien. Given that the Plaintiff has failed to comply with the unambiguous notice requirements of the statute, her claim should be dismissed.

Plaintiff has admitted in her pleadings to executing a note and mortgage, and that she continues to make payments under those obligations. *See*, Complaint, ¶¶ 17, 18, 37. As such, MERS holds an interest in the loan of record. Plaintiff further admits that Federal Housing Finance Agency/Federal National Mortgage Association is the investor in the loan. *See*, Complaint, ¶¶ 26, 33. As such, under *RMS Residential Props., LLC,* supra, an assignment of mortgage on the land records is not necessary to protect or maintain that valid interest. Finally, Plaintiff admits that JPMorgan Bank, N.A. is the servicer of her loan. *See*, Complaint, ¶ 19. Therefore, JPMorgan Chase Bank, N.A., under *J.E. Robert Co., Inc.*, *supra*, holds a valid,

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

enforceable interest in the lien, as well. Therefore, there is no question that the mortgage is a valid lien and that the Defendants, according to Plaintiff herself, all hold a legal interest.

### c. Count Three Should Be Dismissed Because It Fails To State A Viable Cause Of Action For Permanent Injunction

Plaintiff requests a permanent injunction in Count Three, to prohibit the Defendants from "threatening and/or instituting any legal or other actions against plaintiff or any of their agents or representatives from asserting any rights to plaintiff's real property enjoined by this lawsuit" pursuant to 28 USC § 2202. *See*, Complaint, ¶ 73. Section 2202 states provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." (Emphasis added.) The purpose of the statute permitting further relief after declaratory judgment is to carry out the principle that every court, with few exceptions, has inherent power to enforce its own decrees and make such orders as may be necessary to render them effective. *See, e.g., In re Bicoastal Corp.*, 156 B.R. 327 (Bankr. M.D. Fla., 1993). Inasmuch a plaintiff is not entitled to a declaratory judgment she also is not entitled to relief under section 2201.

### CONCLUSION

As aforementioned, the Plaintiff fails to allege any facts which, if proven, would satisfy the legal standard for such claims as those asserted in her Complaint. For that reason, each of Plaintiff's claims is legally insufficient as a matter of law and should be dismissed along with the accompanying prayers for relief as to the Defendants.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Respectfully submitted,

DEFENDANTS:
JPMORGAN CHASE, N.A., FEDERAL
HOUSING FINANCE AGENCY,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, AND MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.

By_____
Brian D. Rich of Halloran & Sage LLP
Fed. Bar No. ct 24458
Melanie P. Dykas of Halloran & Sage LLP
Fed. Bar No. ct 29556
225 Asylum Street
Hartford, Connecticut 06103
Tele:   860-522-6103
Fax:   860-548-0006
rich@halloransage.com
dykas@halloransage.com

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on 30th day of November, 2015 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Brian D. Rich

4038132v.1