## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOROTHY A. SMULLEY,<br>        *Plaintiff*,<br><br>        v.<br><br>WEBSTER FINANCIAL CORP. d/b/a<br>WEBSTER BANK, et al.,<br>        *Defendants*. | No. 3:15-cv-1383 (JAM) |

## RULING GRANTING MOTIONS TO DISMISS

*Pro se* plaintiff Dorothy Smulley owns and lives in a condominium townhouse in
Connecticut. In 2004, she allegedly executed a note to defendant Webster Financial Corporation
(Webster), secured by a mortgage on the property. Plaintiff contends that, because of the
subsequent assignment and securitization of her mortgage, she is now unable to confirm who
currently owns the note and that there is a "cloud" over her ownership. She has filed this lawsuit
against Webster, as well as against several other defendants whom she believes have some
connection to her mortgage obligation. She alleges three claims: for quiet title to her property,
for discharge of the lien against her property, and for an injunction preventing defendants from
asserting any rights to the property. Defendants have moved to dismiss. Because plaintiff does
not allege any facts that suffice to establish plausible grounds for relief, I will grant defendants'
motions to dismiss. In addition, I will deny plaintiff's motion to recuse.

### BACKGROUND

The following facts are based on the allegations of plaintiff's complaint. Plaintiff owns a
condominium townhouse in Stratford, Connecticut. When she purchased the property, she
executed a note for $140,000 to defendant Webster, secured by a mortgage on the property. This

mortgage was recorded on the land records. Defendant Mortgage Electronic Registration

Systems (MERS) is listed on the land records as nominee for Webster. Plaintiff alleges that

Webster then transferred its right to the mortgage to defendant Federal National Mortgage

Association (Fannie Mae), and that defendant J.P. Morgan Chase Bank is the loan servicer.

Plaintiff states that she is continuing to pay her mortgage and that she is current on the payments.

She further alleges:

> Upon information and belief, no currently named defendant is a
> holder in due course of plaintiff's note. In fact, no true beneficiary
> existed after the claimed assignment by Webster because the
> interest in plaintiff's note, purportedly held by investors in the
> mortgage-backed securities, was destroyed by the parsing and
> combining of plaintiff's debt with other borrower's debts.

Doc. #1 at 10. Defendants have moved to dismiss the action.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well

established. The Court must accept as true all factual matters alleged in a complaint, although a

complaint may not survive unless its factual recitations state a claim to relief that is plausible on

its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770

F.3d 170, 177 (2d Cir. 2014) (same). Moreover, "'[a]lthough a court must accept as true all of

the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and

threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice'" to survive a motion to dismiss. *Ibid.* (quoting *Harris v. Mills,* 572

F.3d 66, 72 (2d Cir.2009)); *see also Krys v. Pigott,* 749 F.3d 117, 128 (2d Cir. 2014) (noting that

court is "not bound to accept as true a legal conclusion couched as a factual conclusion" or "to

accept as true allegations that are wholly conclusory") (citations and internal quotation marks

omitted).

2

To be sure, "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006)). Still, even a *pro se* complaint must plead enough facts to state a plausible claim for relief. "We have noted our obligation to construe pro se complaints liberally, even as we examine such complaints for factual allegations sufficient to meet the plausibility requirement." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). In short, my role in reviewing the motions to dismiss is to determine whether the complaint—apart from any of its conclusory allegations and construing its *pro se* allegations liberally—sets forth sufficient facts to state a plausible claim for relief.

### Quiet Title

Plaintiff first seeks to quiet title to her property under Conn. Gen. Stat. § 47-31. The statute provides:

> An action may be brought by any person claiming title to, or any interest in, real . . . property . . . against any person who may claim to own the property, or any part of it, or to have any estate in it . . . or to have any interest in the property, or any lien or encumbrance on it, adverse to the plaintiff . . . for the purpose of determining such adverse estate, interest, or claim, and to clear up all doubts and disputes and to quiet and settle the title to the property.

*Id.* An action to quiet title is "a judicial mechanism for parties asserting competing interests in real or personal property to settle the issue of title." *Remington Investments, Inc. v. National Properties, Inc.*, 49 Conn. App. 789, 797 (1998).In accordance with the statutory language, an action for quiet title may only be maintained against defendants who assert an interest in the property that is *adverse* to the plaintiff's interest. *See Gager v. Carlson*, 146 Conn. 288, 289 (1959) (the plaintiff's and the defendant's asserted interest in the land must be "in controversy"); *Loeb v. Al-Mor Corp.*, 615 A.2d 182, 186 (Conn. Super. Ct. 1991) (Schaller, J.).

Here, plaintiff acknowledges that she took out a mortgage on her property. She does not allege that it was induced fraudulently, that she has paid off the complete balance of the mortgage, or that there is any other reason that the mortgage is no longer valid. Importantly, there is no genuine dispute between any of the parties over the status of the property. All parties agree that plaintiff is the owner of the property, and that at least one of the defendants is entitled to future mortgage payments from plaintiff.

It follows that none of the claimed interests here are "adverse" to one another for purposes of the statute or a quiet title action—that there is no "cloud" over plaintiff's ownership of the property. *See Boco v. Argent Mortgage Co., LLC*, 2014 WL 1312101, at *7 (E.D.N.Y. 2014) (dismissing quiet title action under New York law where "[p]laintiff has offered no facts or legal theory to support her request to declare the mortgage unenforceable" and "[a]t best, she simply disputes which entity holds a security interest in the property"). Instead, the alleged interests of plaintiff and any of the defendants are "prima facie consistent with each other." *Lister v. Bank of America, N.A.*, 790 F.3d 20, 25 (1st Cir. 2015) (plaintiff did not state a claim for relief under Rhode Island law for a quiet title action because "the mortgagor's and mortgagee's respective estates (or interests) are not adverse"); *but see Knox v. Countrywide Bank*, 4 F. Supp. 3d 499, 514 (E.D.N.Y. 2014) (holding that although the plaintiffs did "not sufficiently allege that defendants' interest" in their mortgage "was invalidated," New York's quiet title statute did "not require the plaintiffs to plead anything other than that the defendants have an interest").

Even if adversity understood in this sense were not required for a quiet title claim, plaintiff lacks constitutional standing to pursue her claim because she does not allege sufficient injury-in-fact from her alleged uncertainty about who has the right to enforce her mortgage obligation against her. *See Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 85 (2d Cir.

2014) (plaintiffs had no standing to challenge subsequent assignments of mortgage note where "plaintiffs acknowledge that they took out the loans in 2005 or 2006 and were obligated to repay them, with interest" and where plaintiffs did not otherwise "suggest[] that they ever paid defendants more than the amounts due, or that they ever received a bill or demand from any entity other than defendants," such that "there is no allegation that plaintiffs have paid more than they owed or have been asked to do so"); *Barnett v. Countrywide Bank, FSB*, 60 F. Supp. 3d 379, 385-87 (E.D.N.Y. 2014) (plaintiffs had no standing to challenge securitization of their mortgage notes absent allegation of any effect on their debt or alteration of the terms of their loans).

### *Discharge of Invalid Lien*

Plaintiff next seeks to have her mortgage discharged as an invalid lien under Conn. Gen. Stat. § 49-51(a), which provides:

> Any person having an interest in any real or personal property described in any certificate of lien, which lien is invalid but not discharged of record, may [. . . .] apply to the Superior Court for such a discharge, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request.

Plaintiff's claim fails for two reasons. First, she has not actually alleged that any lien is invalid. Outside of a bare legal conclusion that "no currently named defendant is a holder in due course of plaintiff's note," none of her allegations draw the validity of the mortgage encumbrance into doubt. Doc. #1 at 10. She admits to executing a valid mortgage, and does not allege that she has completed payments or any other reason it should have been discharged. Although she does allege that none of the defendants is currently in physical possession of her note, even if the physical note had been lost completely, that would not thereby invalidate an otherwise lawful debt. *See* Conn. Gen. Stat. § 42a-3-309(a) (a person not in possession of a financial instrument may still enforce it if certain conditions, not disputed here, are met).

Second, plaintiff admits that she has not followed the procedures required by statute for the discharge of an invalid lien. Under § 49-51, before she may apply to a trial court to invalidate her lien, she must

> give written notice to the lienor sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien. Upon receipt of such notice, the lienor shall discharge the lien by sending a release sufficient under section 52-380d, by first class mail, postage prepaid, to the person requesting the discharge.

Conn. Gen. Stat. §49-51(a). Only "[i]f the lien is not discharged within thirty days of the notice" may she then apply to the Court to discharge the lien. *Id.* Plaintiff conceded at oral argument that she did not follow the procedure required under the statute. Therefore, even if she could properly allege that her lien was invalid, I would not have statutory authority to resolve the issue. *See Woronecki v. Trappe*, 228 Conn. 574, 580 (1994). Accordingly, I will deny this claim.

### *Declaratory Relief*

Plaintiff also seeks declaratory and injunctive relief under 28 U.S.C. § 2202, which provides:

> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

But this statute creates no cause of action or substantive rights on its own—it merely codifies "the principle that every court, with few exceptions, has inherent power to enforce its decrees and to make such order as may be necessary to render them effective." *Horn v. Hardart Co. v. National Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988); *see also Chevron Corp. v. Naranjo*, 667 F.3d 232, 244-45 (2d Cir. 2012). Accordingly, § 2202 does not create a cause of action, and I will also dismiss this claim.

***Motion to Recuse***

Finally, plaintiff argues that I should recuse myself from this case. She moves for recusal pursuant to both 28 U.S.C. § 144 and § 455. Under both statutes, the central question is whether the allegations raises an issue of actual bias or would "raise any doubt in the mind of a reasonable person as to [the judge's] ability to decide the present case fairly." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). Such "motions [to recuse] are committed to the sound discretion of the district court." *Id.*

Plaintiff seeks recusal on three grounds. First, she complains that I previously ruled against her in another case and that my ruling was later remanded by the Second Circuit. *See Smulley v. Mut. of Omaha Bank*, 634 Fed. App'x. 335, 336-37 (2d Cir. 2016) (noting that the district court's "ruling carefully walked through each of [the required] factors" to dismiss the lawsuit against plaintiff but that subsequent events during the pendency of the appeal warranted a remand). The fact that I have previously ruled against plaintiff does not warrant recusal, because "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Second, plaintiff complains that one of the attorneys who previously appeared for oral argument in her other case was a former law school student of mine and that I acknowledged this following oral argument when I came down from the bench to greet counsel and the parties (as I do following oral argument in all of my cases). I do not have a personal or social relationship with this attorney. Like all other judges, I have had many prior professional associations with

7

counsel who appear in cases assigned to my docket. The fact of such prior professional dealings with counsel does not constitute a basis for recusal, and I do not have actual bias as a result of my prior dealings with this attorney. *See United States v. Occhipinti*, 851 F. Supp. 523, 527 (S.D.N.Y. 1993) (recusal not required by appearance of counsel who was former student intern in judge's chambers).

Third, plaintiff complains that I am biased against *pro se* litigants. This contention is based on a magazine article published by the law school where I used to work and that plaintiff believes shows a hostile attitude toward *pro se* litigants. The article in question was not written by me and does not mention me; I did not have anything to do with this article. Therefore, even if plaintiff is correct that the article is hostile toward *pro se* litigants, there is no basis to impute any bias to me.

In short, there are no valid grounds for recusal. I will deny the motion.

## CONCLUSION

The motions to dismiss (Docs. #34, #37) are GRANTED. The motion to recuse (Doc. #53) is DENIED.

The Clerk of Court shall close the case.

It is so ordered.

Dated at New Haven this 9th day of June 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

8